UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

| | | |
|---|---|---|
| **RONNIE K. HONGO** | : | **CIVIL ACTION NO. 5:17-CV-15** |
| **DOC #98420** | | **SECTION P** |
| **VERSES** | : | **JUDGE ELIZABETH E. FOOTE** |
| **JERRY GOODWIN, ET AL** | : | **MAGISTRATE JUDGE HAYES** |

**REPORT AND RECOMMENDATION**

Before the court is a civil rights complaint filed *in forma pauperis* by *pro se* plaintiff Ronnie K. Hongo ("Hongo"), an inmate in the custody of Louisiana's Department of Public Safety and Corrections ("LDOC"). He is incarcerated at David Wade Correctional Center ("DWCC") in Homer, Louisiana.

This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. § 636 and the standing orders of the court.

**I.**
**BACKGROUND**

Mr. Hongo and the claims surrounding his suit are not new to this court. He is the plaintiff in two civil rights suits currently pending in the Shreveport division, namely *Hongo v. Goodwin*, *et al.*, 5:16-cv-324, and *Hongo v. Goodwin*, *et al.*, 5:17-cv-391. He is also a defendant in *Cory Bryan Leone v. Goodwin*, *et al.*, 5:16-cv-1178. All of these cases have some commonality of parties and deal with varying issues stemming from events which occurred on August 16, 2015, and August 17, 2015. Doc. 1, pp. 5-8. Hongo states that on August 16, 2015, he straightened a fan which had been moved from its proper floor location. *Id.* at 8. He then

exchanged words with inmate Cory Leone ("Leone") about the fan, and he states that Leone, who is a defendant herein, "made [a] big scene and disrespected me. He then stated I was a homosexual in Angola." *Id.*

A review of various documents provided in the above mentioned cases gives a consistent accounting of what transpired on August 17, 2015. A grievance response produced by Hongo in 5:16-cv-324 states as follows: "[o]n August 17, 2015, armed with a belt attached to your arm and two locks on the opposing end, you violently . . . attacked offender Leone, who was laying in bed asleep with a mask covering his eyes." *Id.* at doc. 1, att. 1, p. 5. Following the attack, Hongo states that he was taken to defendant Col. Chris Evans' office to be interviewed. Doc. 1, p. 5. He claims that defendant Warden Jerry Goodwin came into the office and defamed his character by calling him a homosexual. *Id.* at 6. Hongo alleges that defendant Lt. Col. Scott Cottrell wrote a slanderous and defaming report about the August 17, 2015, incident. *Id.* Hongo also sues Tommy Garrett for failing to timely process the defamation of character grievance; Warden Dauzat for "covering for Warden Goodwin"; Mr. Atkin for failure to investigate the defamation of character allegations; Warden Rachel for finding no merits in his grievance; Warden Huff for signing the grievance response; LDOC Secretary James Leblanc for not reviewing a taped conversation of the questioning which took place on August 17, 2015; and LDOC. *Id.* at p. 7.

As a result of the above, Hongo requests monetary damages against the defendants as a result of their alleged utterances, statements, or other actions relative to his defamation claims. *Id.* at 9.

## II.
### LAW AND ANALYSIS

A. *Frivolity Review*

Hongo has been granted leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915. Doc. 4. Under 28 U.S.C. § 1915(e)(2)(B)(i), (ii), and (iii), a district court is directed to dismiss an action if the court determines that the action is frivolous, malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *Bradley v. Puckett*, 157 F.3d 1022, 1025 (5th Cir. 1998).

A complaint is frivolous if it lacks an arguable basis in law or fact. *Gonzalez v. Wyatt,* 157 F.3d 1016, 1019 (5th Cir. 1998) (citing *Siglar v. Hightower,* 112 F.3d 191, 193 (5th Cir. 1997)). A complaint fails to state a claim upon which relief may be granted if it is clear the plaintiff cannot prove any set of facts in support of his claim that would entitle him to relief. *Doe v. Dallas Indep. Sch. Dist.,* 153 F.3d 211, 215 (5th Cir. 1998). In determining whether a complaint is frivolous or fails to state a claim upon which relief may be granted, the court must accept the plaintiff's allegations as true. *Horton v. Cockrell,* 70 F.3d 397, 400 (5th Cir. 1995) (frivolity); *Bradley,* 157 F.3d at 1025 (failure to state a claim).

### B. 42 U.S.C. § 1983

Section 1983 proscribes conduct by any person who, under the color of state law, acts to deprive another person of any right, privilege, or immunity secured by the Constitution and laws of the United States. 42 U.S.C. § 1983. Thus, an initial inquiry in a lawsuit filed under § 1983 is whether a plaintiff has alleged that his constitutional rights have been violated. If no constitutional violation has been alleged, there is no cognizable claim under § 1983. In order to hold the defendants liable under 42 U.S.C. § 1983, the plaintiff must allege facts to show (1) that a constitutional right has been violated and (2) that the conduct complained of was committed by a person acting under color of state law, that is, that the defendant was a state actor. *West v. Atkin*, 108 S. Ct. 2250, 2254-55 (1988).

### C. Libel, Slander, and Defamation

It is well established that there is no constitutional right to be free from slander or defamation. *See Paul v. Davis*, 96 S. Ct. 1155, 1166 (1976) (recognizing that, while a State may protect against injury to reputation by virtue of its tort law, a person's reputation does not implicate a "liberty" or "property" interest of the sort protected by the Due Process Clause). Thus, libel and slander are not cognizable under 42 U.S.C. § 1983, because a defamation claim does not involve the deprivation of any rights, privileges or immunities which are secured by the Constitution or laws of the United States. *See Cook v. Houston Post*, 616 F.2d 791, 794 (5th Cir. 1980); *see also Mowbray v. Cameron County, Tex.*, 274 F.3d 269, 277 (5th Cir. 2001) (holding that allegations of slander by a former prisoner, resulting in public humiliation, scorn, and ridicule, did not state a claim under 42 U.S.C. § 1983); *Oliver v. Collins,* 904 F.2d 278, 281 (5th Cir.1990)(injury to reputation as a result of libel or slander in false prison report does not give rise to section 1983 liability).

Hongo has not alleged a violation of any right guaranteed by federal law. Thus, the alleged damage to his reputation fails to state a claim under 42 U.S.C. § 1983 and should be dismissed.

### III.
### CONCLUSION

For reasons stated,

**IT IS RECOMMENDED** that Hongo's civil rights complaint against the defendants be **DENIED AND DISMISSED** as frivolous and for failing to state a claim upon which relief can be granted in accordance with 28 U.S.C. § 1915(e)(2)(B)(i) and (ii).

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and

recommendation to file specific, written objections with the clerk of court. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof.

**Failure to file written objections to the proposed factual finding and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed. R. Civ. P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error.** *See Douglass v. United Services Automobile Association,* **79 F.3d 1415 (5th Cir. 1996).**

**THUS DONE** in Monroe, Louisiana, this 22nd day of June, 2017.

**KAREN L. HAYES
UNITED STATES MAGISTRATE JUDGE**